STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Mis-
souri, Appellant,

v.

Gertrude R. KENDRICK et al., on Exceptions
of Olive M. Gutweiler, Respondent.

No. 50704.

Supreme Court of Missouri,

Division No. 1.

Nov. 9, 1964.

·Robert L. Hyder, Melvin Englehart, Jefferson City, for appellant.

Richard A. Hetlage, Robert O. Hetlage, St. Louis, for respondent.

HOUSER, Commissioner.

State Highway Commission, in the course of the construction of Mark Twain Expressway in St. Louis County, brought proceedings in the circuit court of that county to condemn a tract of 11 acres,[1] part of a larger tract of 56 acres [1] owned by Olive M. Gutweiler. The 56-acre tract lay immediately west of Lambert-St. Louis Municipal Airport. The north boundary line of the 56-acre tract abutted the south line of Natural Bridge Road. The 11-acre tract lay at the rear or south side of the 56-acre tract. The 11-acre tract did not connect with any public street or highway. It was landlocked and had no means of ingress or egress except through that portion of the 56-acre tract lying north of the 11 acres. The petition in condemnation was filed April 2. Commissioners, appointed June 13, filed their report October 25, awarding defendant $17,500 damages. The highway commission deposited $17,500 in the registry of the court November 26. All of this occurred in 1956. The parties accepted November 26, 1956 as the valuation date. Both condemnor and the landowner filed exceptions to the report of the commissioners. The case was tried to the court, sitting without a jury. The court filed its findings of fact and conclusions of law, assessed defendant's damages at $27,924 and entered judgment for defendant for $10,424 (the difference between the court's assessment and the amount previously deposited in the registry of the court), plus 6% interest on $10,424 from November 26, 1956.

The commission gave notice of appeal "from the Order entered in this action on the 13th day of March, 1964," which was the order overruling its motion for new trial. A motion for a new trial is not an appealable order. The appeal should have

---

1. Round numbers instead of precise fractional acreages will be used.

been taken from the judgment of December 19, 1963 and not from the order overruling the motion for new trial. Supreme Court Rule 82.04, V.A.M.R. Instead of dismissing the appeal, however, we will consider that the commission intended and in good faith attempted to appeal from a final judgment and that the notice of appeal inadvertently designated the order overruling the motion for new trial instead of the judgment of the court, as the order from which the appeal was intended to be taken, and it will be so treated. Triller v. Hellwege, Mo. Sup., 374 S.W.2d 104.

■ We have appellate jurisdiction because the record affirmatively shows that the amount in dispute is more than $15,000 in excess of the $10,500 or $11,000 to which the commission's evidence indicates that the landowner is entitled. Constitution, Art. V, § 3, V.A.M.S., State ex rel. Chariton River Drainage District v. Montgomery, Mo.Sup., 275 S.W.2d 283.

■■ Prior to these highway condemnation proceedings and in the year 1953 the City of St. Louis, desiring to acquire land to be used as a part of Lambert-St. Louis Municipal Airport, brought proceedings to condemn 45 acres [1] of Olive M. Gutweiler's 56-acre tract,—the north 45 acres abutting on and lying nearest Natural Bridge Road. This 45-acre tract, however, had not been *taken and appropriated* by the city prior to the time of the taking of the 11-acre tract. The proprietary rights of Olive M. Gutweiler in the 45-acre tract could not under the Constitution of Missouri, 1945, Art. I, § 26, have been divested until the award of the commissioners had been paid to her, or paid into court for her. While the commissioners' report in the city condemnation proceedings had been filed in 1954 the amount of the commissioners' award ($101,500) had not been paid into court on November 26, 1956, and was not paid into court until December 3, 1956,—seven days *after* the commissioners' award was paid into court in the highway condemnation proceedings.

See City of St. Louis v. Kisling, Mo.Sup., 318 S.W.2d 221. Therefore, on the valuation date, November 26, 1956, Olive M. Gutweiler was the owner of and enjoyed the full proprietary rights in the entire 56-acre tract.

In presenting its evidence of land value the commission's expert witnesses appraised the 11-acre tract separately and apart from the whole tract of 56 acres. They did not do a valuation of the entire 56-acre tract before the taking and compare it with the value of the land remaining after the taking, but appraised the 11 acres as a separate tract, "as a separate piece" with no access to any road. They did not consider damages to the remaining 45 acres, or that the value of the 11-acre tract may have been affected by the fact that defendant owned 45 acres north of the 11-acre tract. They did not think the ownership of the 45 acres abutting Natural Bridge Road on the north and abutting the 11-acre tract on the south increased the value of the latter, because of the cost factor of building a road or access from Natural Bridge Road to the 11-acre tract, which they testified would exceed any increase in value of the 11-acre tract arising out of the fact that it would have access to the road. The commission's expert witnesses considered that the highest and best use of the 11-acre tract was for park purposes and that its reasonable market value on the valuation date was $10,500 or $11,000.

Defendant's expert witness Feinberg valued the 11-acre tract as a part of the 56-acre tract taken in its entirety, stating that the highest and best use of the 11-acre tract on the valuation date was for commercial purposes, and assigning to the 11-acre tract a reasonable market value of $6,500 an acre, or $71,000 to $71,500. Defendant's expert witness Smith likewise appraised the 11-acre tract as a part of the whole tract, considering the value of the entire 56-acre tract before the taking of the 11-acre tract and the value of the remaining land after

1. Round numbers instead of precise fractional acreages will be used.

the taking. He estimated the value of the 56 acres on the valuation date at $280,000; the value of the 45 acres left after the taking at $225,000, and thus fixed the value of the 11-acre tract at $55,000.

For its first point the commission urges that the trial court committed reversible error and we are urged to remand the cause for a new trial because it is said that the only evidence considered by the trial court was that given by the witnesses for the defendant and that the trial court refused to consider the evidence of value presented by the commission. This contention is based upon Finding of Fact No. 7 in which the court concluded that "the proper evidence to consider is only that evidence given by witnesses who appraised said property on behalf of defendant Gutweiler." From this the commission draws the conclusion that the court "refused to consider" the testimony of its witnesses; cites cases for the general proposition that all evidence of value which an ordinarily prudent person would take into account in determining fair market value should be considered by the court, and urges that as a result of the court's failure to consider its evidence the commission's rights were prejudiced in several different ways.

■. The trial court did not arbitrarily or erroneously ignore, fail or refuse to consider the commission's expert testimony. On the contrary the record expressly shows that the court *did* consider it. Finding of Fact No. 6 follows: "That Relator's witnesses assigned a fair market value as of the date of taking the [11] acre tract of $10,500.00 and $11,000.00, but valued same as an isolated tract without access and not as a part of the whole [56] acre tract owned by defendant Olive M. Gutweiler as said appraisers for the State Highway Commission testified that the other property owned by Gutweiler had heretofore been condemned by the City of St. Louis * * *." The court declared the rule of damages to be the difference in the fair market value of defendant's whole tract im-

mediately before and immediately after the appropriation of the 11 acres and stated as its reason for relying upon the defendant's expert witnesses in determining value, rather than the commission's experts, that on the valuation date the city had not yet taken the 45-acre tract; that the city's condemnation proceedings against the 45-acre tract "could have been abandoned by the City of St. Louis at any time up to the payment into court"; that therefore the rule of damages above stated (the rule to which the testimony of defendant's witnesses was geared) should be adhered to and the land taken should not be valued as the commission's witnesses valued it, that is, as an isolated 11-acre tract. Clearly the court considered but for stated reasons rejected the value testimony given by the commission's witnesses. Under the evidence the court not only had a right but also the duty so to do. Property taken for public use is to be valued at its highest and best use. Where the part taken from a larger tract of land is of greater value as a part of the whole tract than as a separate parcel, the part taken "must be valued as a portion of the tract of which it is a part and not as if it stood alone. * * * [T]he value of part of a tract is dependent upon its relationship to the remainder of the tract. Ordinarily this relationship gives it a greater value than the value inherent in it as a separate tract." Nichols on Eminent Domain, 3rd Ed., Vol. 4, § 14.231, pp. 544–545.

The fair market value of the 11 acres as an isolated, landlocked tract would obviously be less than its value as a part of the whole 56-acre tract with its more than 1,000 feet of frontage on the busy thoroughfare Natural Bridge Road. Testimony giving a depressed or deflated value to the 11-acre tract based upon the assumption that the taking of the abutting and contiguous 45-acre tract was either a *fait accompli* or in reasonable prospect, under which the commission's witnesses must have been laboring, would be without weight or value in determining the value of the 11-acre tract as it existed on November 26, 1956.

The commission argues that the court completely ignored the two methods of appraising damages in condemnation proceedings where only a part of a tract is taken. This argument is contradicted by Finding of Fact No. 10, which recites: "That the only issue presented to the Court under the evidence was the amount of damages sustained by defendant Gutweiler by reason of the appropriation of the [11] acres, and the Court finds that the just compensation to which the defendant is entitled is the difference in the fair market value of the decedent's whole tract immediately before and immediately after the appropriation of the [11] acres." This is a proper rule for ascertaining the damages where part of a tract of land is condemned. Kamo Electric Cooperative v. Baker, 365 Mo. 814, 287 S.W.2d 858, and authorities cited on page 861; Mo. Digest, Eminent Domain, ■ The same result may be reached in another way, by awarding the landowner the market value of the land actually taken, plus the consequential damage, if any, to the remainder of the land of which that taken formed a part, caused by the taking, City of St. Louis v. Vasquez, Mo. Sup., 341 S.W.2d 839, and cases cited, 1. c. 846[11], less the special benefits, if any, accruing in consequence of the making of the improvement. State ex rel. State Highway Commission v. Craighead, Mo.App., 65 S.W.2d 145, 148. Although the commission concedes that there was no evidence of consequential damage to the 45 acres remaining after the taking of the 11 acres, it apparently complains that the court did not consider the second method, supra, of arriving at damages or just compensation, and takes the position that under the second method the land taken may be valued as a separate isolated tract without considering its relation to the remainder of the land. The court having adopted one proper method of arriving at damages, supported by evidence, there was no error in not following another method, not supported by evidence.

The commission's untenable position apparently stems from the mistaken idea that the pendency of the proceedings filed by the city to condemn the 45-acre tract placed the 11-acre tract in the category of an isolated tract, to be valued as such as of November 26, 1956. The commission's cross-examination of defendant's witnesses so indicates. Statements in the commission's brief so indicate, for it states therein that a prudent prospective purchaser of the 11-acre tract would have seen that there was no access to it except by constructing a roadway over the 45-acre tract to Natural Bridge Road, and would consider the "unlikely possibility" of purchasing a roadway across the 45-acre tract "while it was being condemned by the City of St. Louis for airport extension." The commission refuses to acknowledge the significance of the fact that at the valuation date, November 26, 1956, the 11-acre tract was a part of the whole 56-acre tract, all of which was owned by Olive M. Gutweiler; that the taking and appropriation of the 45-acre tract had not occurred at the valuation date and would never have occurred, if the proceedings had been abandoned by the city; and that the 11-acre tract was to be valued as of that date as a part of the whole and not as a separated, isolated tract, and not in contemplation of the possible appropriation and taking of the 45-acre tract by the city.

■ The commission's second point is that defendant failed to sustain the burden of proof; that the judgment in the sum of $27,924 is not supported by the greater weight of the competent and substantial evidence. The commission points out claimed weak points, supposed lack of qualifications and alleged discrepancies in the testimony of defendant's witnesses Feinberg and Smith. The commission would have us find Feinberg's testimony not of such character and quality as to induce a conviction of truth that the property had a market value of $6,500 per acre, and rule that Smith was not qualified to express an opinion as to market value because of unfamiliarity with the land. Without burdening this opinion with the minutiae of the commission's criticisms or a detailed recital of the testimony of Feinberg and Smith, suffice it to say that

having examined the qualifications of both these witnesses to testify as experts and having tested the sufficiency of their testimony of value in the light of the attacks made, we find sufficient evidence of their qualifications to testify as expert witnesses in this case on the question of the reasonable market value of the 11-acre tract and of the 56-acre tract, before and after the taking; that their opinions of the value of the 11-acre tract, ranging from $55,000 to $71,500, are based upon proper and valid criteria and standards, and that their opinion evidence constitutes ample support for the trial court's assessment of damages in the sum of $27,924. In this regard we have given due regard for the opportunity of the trial court, who had these witnesses under personal observation, to judge of their credibility and reliability as witnesses, Supreme Court Rule 73.01(d), and we have reviewed this evidence with the further admonition of that rule in mind, that the appellate court is not to set aside the judgment in a case tried upon the facts without a jury unless the judgment is clearly erroneous. This judgment is not erroneous but is proper in all respects. It follows that we find no justification for the commission's request that we declare that the trial court abused its discretion in failing to strike the testimony of the witness Smith, an action urged not by way of any properly raised point but in the argument portion of the brief, an assignment of error notably absent in the commission's motion for new trial.

The commission's third point is that "The court erred in refusing to admit in evidence the plaintiff's Exhibits 6 and 7." These exhibits were certified copies of deeds to tracts of real estate offered to show by the amount of the revenue stamps attached thereto the amount of the consideration paid for the properties, as part of the basis for the opinions of value testified to by the commission's expert witnesses. They were objected to on the ground that they were not the best evidence of value. The court at first sustained the objection on the ground that revenue stamps alone do not prove purchase price, but then the commission made an offer of proof, and offered to produce Missouri cases on the point. The court took a temporary recess and after examining some authorities declared that it would *reserve its ruling,* not being able to come to a conclusion on the offer of proof on a cursory review of the cases. The court did not rule on the offer later during the trial or refer to the question in its declarations of law filed at the time judgment was rendered. The commission did not offer the evidence again or request a ruling on the matter prior to closing its case, or make such a request in its motion for new trial. (Point 3 of its motion for new trial assigned "error in refusing to admit in evidence Plaintiff's Exhibits 6 and 7," but this did not constitute a request for a ruling on this point.)

One reason why the trial court may not be convicted of error on this point is the generally prevailing rule that "where evidence offered and objected to has been excluded conditionally or temporarily, it becomes incumbent upon the party who sought to introduce such evidence to renew his effort in that respect at a later, appropriate stage of the trial by offering the evidence again or at least by resuming a line of interrogation directed toward getting such evidence into the record; and if he fails to so actively renew his effort to introduce the evidence he ordinarily will be precluded from contending on appeal that it was erroneously excluded or that there was error in the court's conditional or temporary ruling." Anno: Evidence—Renewal of Objection, 88 A.L.R.2d 12, § 19, [a], p. 124, see pp. 136, 137 for digest of the Missouri cases of State v. Goddard, 162 Mo. 198, 62 S.W. 697; Wills v. Sullivan, 211 Mo.App. 318, 242 S.W. 180; Housden v. Berns, 241 Mo. App. 1163, 273 S.W.2d 794, supporting this rule.

The commission's last point is error "in the finding that defendant is entitled to interest at 6% per annum from November 26, 1956 until November 26, 1963." The conten-

tion is that not until August 29, 1959 [2] was there any authority in this state for the allowance of interest on the excess of a judgment over and above the commissioners' award; that § 523.045 affects substantive rights and cannot be construed retrospectively in the absence of clearly expressed legislative intent, which is not to be found in the act; and that no court had authority to add interest to a judgment in excess of the commissioners' award prior to the enactment of § 523.045; that the interest should have been figured from August 29, 1959 in the amount of $2,642.31 and that it was error to figure it from November 26, 1956 in the amount of $4,378.08.

 We are of the opinion that § 523.045 did not afford plaintiff some new substantive rights but is merely procedural. It has long been the rule that the landowner is entitled to interest for delay in the payment of compensation. St. Louis Housing Authority v. Magafas, Mo.Sup., 324 S.W.2d 697[2]. The interest is to be included in the judgment by the court when the case is tried to the court without a jury. Magafas supra. When the case is tried to a jury the interest is to be computed by the jury and included in its verdict. State ex rel. State Highway Commission v. Green, Mo.Sup., 305 S.W.2d 688, 693; City of St. Louis v. Vasquez, Mo.Sup., 341 S.W.2d 839 [17]. In other words, the substantive right to an allowance of interest under the circumstances of this case existed prior to the enactment of § 523.045. In this respect the case differs from the case cited by the commission, Center School Dist. No. 58 of Jackson Co. v. Kenton, 345 S.W.2d 120, 126, 127, which dealt with the right to interest upon *abandonment* of condemnation proceedings, a substantive right which did not exist prior to the enactment of § 523.045.

The question was before the Springfield Court of Appeals in State ex rel. State Highway Commission v. Ellis, decided September 17, 1964, 382 S.W.2d 225[1, 2]. That court reached the same conclusion we have reached, namely, that § 523.045 is declaratory of the substantive law as it existed prior to the enactment of the statute; that it is procedural merely; that to apply it in this situation does not involve a retroactive application of a substantive statute; that such an allowance of interest is proper notwithstanding the computation reaches back to a time before the enactment of the statute.

Section 523.045 is fully applicable and the court properly figured interest from the valuation date.

The judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.

---

2. The effective date of § 523.045, V.A.M.S., which regulates interest on condemnation awards. (Laws 1959, S.B. 248.)