# (July 10, 1968)

■ CITY OF TROY, Respondent, v. MANUFACTURERS NATIONAL BANK et al., as Co-trustees Under the Will of HARRY HALL, Deceased, et al., Appellants.— STALEY, JR., J. Appeal from an order of the County Court of Rensselaer County at Special Term, entered December 18, 1967, in Rensselaer County, which denied defendants' motion to confirm the report of the Commissioners of Appraisal herein; reduced the amount awarded by the Commissioners from $92,000 to $62,100; and denied the defendants' request for an additional allowance, pursuant to subdivision 2 of section 16 of the Condemnation Law. On or about May 11, 1965, the City of Troy, pursuant to article 15 of the General Municipal Law, commenced condemnation proceedings to acquire the property of the appellants consisting of a parcel of land, with the buildings thereon, situate at the southwest corner of Broadway and Seventh Avenue in the City of Troy. On May 14, 1965 the County Court of Rensselaer County appointed Commissioners of Appraisal who viewed the premises on three occasions in the month of June, 1965, and conducted hearings at which evidence of valuation was offered by the parties. The hearings were concluded on December 2, 1965 and, on September 28, 1967, the Commissioners made their report wherein they determined the value of the premises taken to be the sum of $92,000. Thereafter, a supplemental report was requested by the court for the purpose of obtaining a statement of the reasons on which the award was based. In their supplemental report, the Commissioners adhered to the $92,000 award and set forth the manner in which they arrived at the same. By motion returnable in the County Court of Rensselaer County on October 24, 1967, the appellants sought an order rejecting the report and appointing new Commissioners unless the respondent stipulated to an increased award or, in the alternative, in the event the report was confirmed that interest at the rate of 4% per annum be granted on the sum of $47,000 remaining to be paid from May 14, 1965; that costs be granted to the appellants; and that an additional allowance of 5% of the amount of the award be granted to the appellants pursuant to subdivision 2 of section 16 of the Condemnation Law. The County Court rejected the report of the Commissioners and proceeded to make its own determination of value, and reduced the amount awarded by the Commissioners from $92,000 to $62,100. The court also awarded costs to the appellants and denied their request for an additional allowance. In reviewing a determination of Commissioners of Appraisal, the power of the courts is limited to confirmation or rejection of the report. A report may be set aside for irregularity or for error of law in the proceedings, or upon the grounds that the award is excessive or insufficient. (Condemnation Law, § 15; 17 Carmody-Wait 2d, New York Practice, § 108:204; *Matter of Huie [Fletcher-City of New York]*, 2 N Y 2d 168; *Matter of Cibulas v. Village of Menands*, 266 App. Div. 895.) Under this strictly limited scope of authority a court, in reviewing an award of Commissioners of Appraisal, may not, whatever the reason, reject the report of the Commissioners and make a new award, substituting its own judgment for that of the Commissioners. Thus, the award made by the court below, which is the court's own conclusion based upon the testimony, may not be sustained. Awards will not be set aside on the ground that they are excessive or inadequate unless they are so obviously inadequate or excessive that they shock the sense of justice or the conscience of the court, and every intendment is in favor of the action of the Commissioners. (*Matter of Huie [Fletcher-City of New York]*, *supra*; *Adirondack Power & Light Corp.* v. *Evans*, 226 App. Div. 490; *Matter of City of New York [Old Third Ave.]*, 241 App. Div. 13, app. dsmd. 265 N. Y. 503; *McKownville Fire Dist., Town of Guilderland* v. *1250 Western Corp.*, 28 A D 2d 1065;

*City of Oneonta* v. *Kelley*, 28 A D 2d 1070; *City of Binghamton* v. *Koffman*, 28 A D 2d 1071.) Reviewing the record it is apparent that the experts for both parties essentially agreed on the valuation of the buildings. The appellants' expert valued the buildings at $26,180, and the respondent's expert at $26,600. Although there is wide divergence in the land values assigned by the expert witnesses, the total award falls well within the range of the testimony of the appraisers, and is amply supported by the evidence in the record. There is further nothing in the record that suggests that the award is based on any irregularities in the proceedings or on any erroneous principle of law. Considering the evidence with respect to value, we cannot say that the award is so excessive as to shock either one's " sense of justice " or one's " conscience ", and the award of the Commissioners should be sustained. An additional allowance, not to exceed 5% of the amount awarded, is authorized by subdivision 2 of section 16 of the Condemnation Law. The award of such an additional allowance, although discretionary, is controlled by the circumstances of each case. In our opinion the denial of an additional allowance of 5% in this case would constitute an abuse of discretion when we consider the number of days involved in the hearings and inspections of the premises; the number of witnesses involved; and the period of time which has elapsed since the commencement of the proceedings. Since the offer made by the respondent in the amount of $51,500 was exceeded by the award, the provisions of subdivision 2 of section 16 of the Condemnation Law are applicable and the additional allowance in this case is justified. (*City of Binghamton* v. *Chenango Enterprises*, 48 Misc 2d 430.) Order modified, on the law and the facts, and in the exercise of discretion, to provide that the report of the Commissioners be confirmed, with appropriate interest and costs, and an additional allowance of 5% upon the amount of the award granted to the appellants, and, as so modified, affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Staley, Jr., J.