**MISSOURI STATE PARK BOARD,**
**Appellant,**

v.

**Earl McDANIEL and Dorothy J. McDaniel,**
**husband and wife, Respondents.**

**No. 57987.**

Supreme Court of Missouri,
Division No. 1.

July 22, 1974.

Motion for Rehearing or to Transfer to Court En Banc Denied Sept. 9, 1974.

John C. Danforth, Atty. Gen., Louren R. Wood, Karen I. Harper, Asst. Attys. Gen., Jefferson City, for appellant.

Morgan M. Moulder, Camdenton, for respondents.

LAURANCE M. HYDE, Special Commissioner.

Action by plaintiff, Park Board, to condemn land of defendants. There was a commissioners' award of $14,000 and thereafter a jury verdict for $20,000. Judgment for $20,000 was affirmed on appeal by the Springfield Court of Appeals, 473 S.W.2d 774 (1971). Thereafter, plaintiff abandoned its condemnation and the trial court entered judgment for defendants for $2,117.50 for interest on the commissioners' award from July 3, 1969, the date of filing the commissioners' report to the date of abandonment by the Park Board on January 11, 1972. This judgment for interest was on the authorization of § 523.045,

RSMo 1969, V.A.M.S. Plaintiff has appealed and we affirm.

Plaintiff claims § 523.045 is unconstitutional if it authorizes the judgment in this case because they say it imposes a penalty in the form of liquidated damages. Plaintiff claims imposition of a penalty in the form of liquidated damages upon abandonment of an appropriation in condemnation is a subject separate and distinct from assessment of interest on a condemnation award. They say this is a subject not clearly expressed in the title of § 523.045 and so contravenes § 23, Art. III, Mo. Const., V.A.M.S. Plaintiff also says if § 523.045 authorizes this judgment it contravenes § 38(a), Art. III because it constitutes a grant of public money to a private person.

The applicable part of § 523.045 is as follows: "If, within thirty days after the filing of any such commissioners' report, the condemnor shall have neither paid the amount of the award to said persons or to the clerk for them nor filed its written election to abandon the appropriation, but shall thereafter timely file such written election to abandon, then the court may, upon motion filed by said persons within ten days after the filing of said election, assess against the condemnor six per cent interest on the amount of the award from the date of the filing of the commissioners' report to the date of the filing of such election, enter judgment thereon and enforce payment thereof by execution or other appropriate proceeding."

Before the enactment of this statute the rule in this state was that there was no liability on governmental entities to a condemnee for abandonment of condemnation proceedings. Meadow Park Land Co. v. School Dist. of Kansas City, 301 Mo. 688, 257 S.W. 441 (1923), 31 A.L.R. 343; Center School Dist. No. 58 of Jackson County v. Kenton, 345 S.W.2d 120 (Mo.1961). However, in the Meadow Park Land Co. case, it was recognized that railroad, telegraph and other such corporations had been held liable, on abandonment, for a property owner's expense or loss. See 31 A.L.R. 356–357, annotation, for Missouri cases. See also 121 A.L.R. 91, annotation, and Nifong v. Texas Empire Pipe Line Co., 225 Mo.App. 1134, 40 S.W.2d 522, 523, and cases there cited (1931).

Plaintiff's first two points are that it was error to grant defendant's motion for assessment of interest pursuant to § 523.-045 because defendant's property was neither taken nor damaged for public use and because there had been no showing of bad faith on the part of defendant in abandoning the appropriation of defendant's property. What plaintiff overlooks is that as stated in Nichols on Eminent Domain, Third Edition, Chapter 14 (14.02 [1] [b]) "[a]bandonment of condemnation proceedings invariably damages the landowner" usually because of incurring legal expense and having assets tied up, etc. As pointed out (14.02 [2]) there has been "[t]raditional judicial reluctance to award compensation for damage claims arising out of condemnation proceedings." However, as stated (14.02 [3]) statutes have been enacted in several states which allow recovery for costs due to abandonment or unreasonable delay including attorneys' fees and other expenses. See also Nichols, Chapter 26 (26.45). In New York an additional allowance of 5% has been allowed for delay. See City of Troy v. Manufacturers National Bank, 30 A.D.2d 889, 291 N.Y.S.2d 434 (1968). See also 27 Am.Jur. 2d Eminent Domain, § 461, pp. 382–383, stating "courts, even in the absence of statute, have upheld the right of a property owner to recover the loss, damage, and expenses incurred by him on account of the institution or prosecution of condemnation proceedings which were thereafter abandoned." The provision of 523.045 for interest from the time plaintiff should have paid the award into court to the time of abandonment allows a condemnee nothing for damages such as allowed for costs, attorneys' fees, and other expenses in some states.

It is true as plaintiff says, citing City of St. Louis v. International Harvester Co., 350 S.W.2d 782 (Mo. banc 1961), that the actual taking of a defendant's property is "when the amount of the award was paid into the registry of the court." However, that does not mean that an owner can lose nothing by litigation, especially prolonged litigation over the amount of his compensation, when nothing is ever paid because of abandonment by the condemnor, something some states have recognized and provided for. Some loss seems certain where the condemnor does not pay into court the amount of the commissioners' award, which the landowner would have the right to take and use. It is only in that situation that § 523.045 authorizes any compensation for the landowner, other than the value of land taken by governmental entities, and then only interest on the amount of the commissioners' award. Usually the longer the delay the greater the loss to the landowner.

Plaintiff's reliance on the Center School District case is misplaced because that opinion points out that § 523.045 became effective "seven months after the instant action was filed." We held § 523.045 was not applicable to that case because: "Statutes affecting substantive rights are not to be construed retrospectively in the absence of clearly expressed legislative intent." 345 S.W.2d 1. c. 127. Hamer v. State Highway Commission, 304 S.W.2d 869 (Mo.1957), cited by plaintiff was not a condemnation case. Plaintiff therein changed his plans for locating lots, streets and sewer ways on his land because of plans and surveys of the Highway Commission for a highway through his land. After negotiation for purchase of right of way did not result in an agreement, the Commission decided not to construct the highway through plaintiff's land. We held "A property owner who voluntarily makes changes on his property in anticipation that a proposed public improvement will be constructed thereon or nearby does so at the risk of losing his investment if the

public agency exercises its unquestioned right to abandon the project or move it to a different location." 304 S.W.2d 1. c. 874. No condemnation proceeding was ever commenced in that case. The Hamer case has nothing to do with allowance of interest when a condemnation case has been commenced and the condemnor does not pay into court the amount allowed by condemnation commissioners.

Plaintiff also says an award of interest is not mandatory because § 523.045 says that if the condemnor does not pay the amount of the award nor a written election to abandon "within thirty days" after the commissioners' report is filed "but shall thereafter timely file such written election to abandon, then the court *may* * * * assess against the condemnor six per cent interest." (Emphasis ours.) Plaintiff says there was no contention or evidence that it "was guilty of bad faith in forsaking these proceedings upon being ultimately apprised of the value of respondents' land," citing Land Clearance For Redevelopment Authority v. Morrison, 457 S.W.2d 185 (Mo. banc 1970), and Dietsch v. St. Louis County, 415 S.W.2d 777 (Mo.1967). Neither involved payment of interest on the amount of an unpaid commissioners' award. In Dietsch it was sought to recover the condemnee's attorneys' fees, after condemnation proceedings had been abandoned. The abandonment was three months after the commissioners' report was filed. In the Land Clearance case, the commissioners' award was paid into court but the owner was awarded a larger amount by the trial court. We ordered payment to the landowner of six per cent interest on the excess of the award of the jury over the commissioners' award from the date of filing of the commissioners' report (457 S.W.2d 1. c. 200). The principal issue in the Land Clearance case was whether the landowner was entitled to additional damages on a counterclaim alleging that the condemnor had caused depreciation in the value of the property by inducing tenants to move out, resulting in

the property being vandalized prior to the date of taking.

■ If this provision of § 523.045 is to be construed as giving the trial court discretion to refuse an allowance of interest under some circumstances (which we do not decide) we could not find an abuse of discretion in allowing interest in this case, which kept defendants' land tied up in litigation for three years, two months and twenty days. Even where the amount of the commissioners' award had been paid into court, six per cent interest has been awarded on the amount in excess of the commissioners' award later found due the landowner by the final judgment of the court (from the time of filing of the commissioners' report) without any statutory provision for such allowance. St. Louis Housing Authority v. Magafas, 324 S.W.2d 697, 700 (Mo.1959). Furthermore, it is said in State v. Kendrick, 383 S.W.2d 740, 747 (Mo.1964): "§ 523.045 did not afford plaintiff some new substantive rights but is merely procedural. It has long been the rule that the landowner is entitled to interest for delay in the payment of compensation." Kendrick allowed interest on the excess of the judgment over the amount of the commissioners' award. Although these were not abandonment cases, they are certainly authority for allowance of interest under § 523.045 in this case.

■ Plaintiff's contentions of unconstitutionality of § 523.045 cannot be sustained. Instead of a grant of public money to a private person, the provision for interest when the condemnor does not pay the award into court where the condemnee would be entitled to receive it and use it (of course with liability to pay back any amount that would be less than the final award) is different from and much less than damages authorized in some other states allowing recovery of costs and attorneys' fees upon abandonment. It is only compensation for predictable loss to a landowner, who has the right to use the amount of a condemnation award from the time it is paid into court. Under § 523.045 the condemnor can be free from this liability by paying the amount of the commissioners' award to the condemnee or to the clerk of the court within thirty days after the filing of the commissioners' report. Furthermore a landowner condemnee is made liable to the condemnor by § 523.045 for interest at six per cent on any amount that he takes and uses, after it is paid into court, that is more than the amount found to be due him by the final judgment in the case. State ex rel. State Highway Commission v. Paul, 368 S.W.2d 419 (Mo. banc 1963). For discussion of that case and § 523.045, see Smith, "Interest on Excess Condemnation Awards Paid into Court," Mo.Law Rev., Vol. 29, p. 355 (1964).

■ The title to the act enacting § 523.-045 is: "To amend Chapter 523, RSMo 1949, relating to condemnation proceedings, by inserting between Sections 523.040 and 523.050 a new section to be known as section 523.045, providing for the assessment and payment of interest on condemnation awards, payments and judgments and for repayment of amounts of excess of subsequent awards above amounts of commissioners' awards." Plaintiff's argument is based on its claim that requiring payment of interest on the amount of the award from the time the statute provided for the award to be paid to the owner of the land or to the clerk of the court for him "amounts to a penalty for abandonment or damages to reimburse the condemnee for expenses incurred in the defense." Plaintiff cites St. Louis Housing Authority v. Barnes, 375 S.W.2d 144 (Mo.1964), and State ex rel. City of St. Louis v. Beck, 333 Mo. 1118, 63 S.W.2d 814 (banc 1933) holding: "[D]amages alleged to have been suffered by a property owner as the result of pendency of condemnation proceedings could not be recovered as an element of damage for the taking in condemnation." Our view is that allowance of interest on the money defendant was entitled to receive when the commissioners' report was made is not damages suffered as a result of the pendency of condemnation proceedings. Instead it is a provision for interest as compensation for the loss of his right to

receive and use the money, awarded by the commissioners as his damages, while the condemnation proceeding is pending. We consider that subject to be adequately stated in the title of § 523.045.

Defendant makes the claim that plaintiff could not abandon the condemnation after thirty days from the filing of the commissioners' report and in any event could not do so after affirmance on appeal. Defendant sought judgment for the amount approved by the judgment which was affirmed by the court of appeals. However, defendant has not appealed from the final judgment herein. Furthermore, the statutory provision for interest from the date of the filing of the commissioners' report to the date of filing election to abandon indicates a right to abandon after a final decision.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.