**CITY OF COTTLEVILLE, Plaintiff/Respondent,**

v.

**AMERICAN TOPSOIL, INC., Defendant/Appellant.**

No. 74527.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 29, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 29, 1999.

Application for Transfer Denied Sept. 21, 1999.

Charles W. Niedner, Niedner, Bodeux, Carmichael, Huff and Lenox, St. Charles, for respondent.

V. Scott Williams, Thompson Coburn, St. Charles, for appellant.

KATHIANNE KNAUP CRANE, Judge.

Defendant landowner appeals from the trial court's denial of its motion for payment of interest on a damage award in an abandoned condemnation proceeding under Section 523.045 RSMo (1994). We affirm for the reason that the trial court did not abuse its discretion in denying the request for interest.

Plaintiff, City of Cottleville, Missouri (the City), is a municipal corporation in St. Charles County. On July 3, 1997, the City filed a petition in eminent domain in the Circuit Court of St. Charles County to condemn property owned by defendant, American Topsoil, Inc., for a public park. The court entered an order condemning defendant's property and subsequently appointed commissioners to assess and report the damages which defendant sustained as a result of the appropriation. The commissioners filed their report on August 19, 1997 in which they assessed defendant's net damages at $288,000. The trial court denied the City's motion to set aside the report. Both the City and defen-

dant filed exceptions to the commissioners' report under Rule 86.08 and defendant requested a trial setting. However, on March 9, 1998, prior to any trial of the case, the City filed its written election to abandon the condemnation proceeding and moved to dismiss the cause without prejudice at the City's costs.

While the proceeding was pending, the City did not pay into court the damages assessed by the commissioners and did not take title to or possession of the land. After the City abandoned the condemnation proceeding, defendant filed a motion pursuant to Section 523.045 RSMo (1994) for payment of statutory interest in the amount of $9,562.68, which amount represented interest at the rate of six percent per annum on the commissioners' $288,000 award from the date of that award to the date the City elected to abandon the proceeding. At the argument on the motion, the trial court offered to schedule an evidentiary hearing on defendant's "damages", which defendant declined. The court subsequently denied the motion.

For its only point on appeal, defendant contends the trial court erred in denying its motion for payment of interest on the condemnation award because it was entitled to an award of interest without showing special damages because abandonment "invariably" damages the landowner and it had no obligation to prove "special" damages. We disagree that the trial court erred. The decision to award interest is discretionary and defendant has not shown abuse of that discretion.

■ When a condemnor does not pay the damages assessed by the commissioners and timely abandons a condemnation proceeding more than thirty days after the commissioners' report is filed, a defendant may move the court for an award of interest on the damage award under Section 523.045 RSMo (1994). This section provides as follows:

> If, within thirty days after the filing of any condemnation commissioners' report under the provisions of section 523.040,

the condemnor shall have neither paid the amount of the commissioners' award to the persons named in the petition as owning or claiming any property or rights or to the clerk of the court for such named persons nor timely filed its written election to abandon the proposed appropriation of said property or rights, then interest on the amount of any subsequent verdict for said named persons, or if there be no such verdict, then on the amount of the award, at the rate of six percent per annum from the date of filing the report *shall* be added to said verdict or award and paid to said named person or to the clerk for them. If, within thirty days after the filing of any such commissioners' report the condemnor shall have paid the amount of any commissioners' award to the persons named in the petition as owning or claiming any property or rights or to the clerk of the court for them and the amount of such award shall be superseded by a subsequent verdict or amount larger than the award paid, then interest on the amount by which such verdict exceeds the award, at the rate of six percent per annum from the date of filing the report, *shall* be added to the amount of the verdict; but if the amount of the award shall be superseded by a subsequent verdict or amount smaller than the award paid, then judgment *shall* be entered against said persons named to repay to condemnor the amount by which the award paid exceeds the amount of the verdict, with six percent interest on such excess payment from the date of the payment of the award. If, within thirty days after the filing of any such commissioners' report, the condemnor shall have neither paid the amount of the award to said persons or to the clerk for them nor filed its written election to abandon the appropriation, but shall thereafter timely file such written election to abandon, then the court *may,* upon motion filed by said persons within ten days after the filing of said election, assess against the condemnor six percent interest on the amount of the award from the date of the filing of the commissioners' report to the date of the filing of such election, enter judgment thereon and enforce payment thereof by execution or other appropriate proceeding.

(emphasis added)

The first two sentences direct that the court "shall" take certain actions with respect to condemnations which become final. This use of "shall" is mandatory. *Missouri & Iowa Ry. Co. v. Norfolk & Western Ry. Co.*, 910 S.W.2d 261, 267 (Mo. App.1995). In contrast, the third sentence of the statute provides that the court "may" award interest when the condemnation is timely abandoned. The use of "may" indicates that the trial court's decision to award interest is discretionary. *State ex rel. Nixon v. Boone*, 927 S.W.2d 892, 897 (Mo.App.1996); *M.G. v. G.M.B.*, 897 S.W.2d 218, 220 (Mo.App.1995). Accordingly, the award of interest under the last sentence of Section 523.045 is within the trial court's discretion. *Missouri State Park Board v. McDaniel*, 513 S.W.2d 447, 450–51 (Mo.1974); *Crestwood Commons v. 66 Drive–In, Inc.*, 882 S.W.2d 319, 322 (Mo.App.1994). Thus, the trial court may exercise its discretion to award or deny interest.

 To prevail on appeal, defendant has the burden of showing that the trial court abused its discretion in denying his motion for payment of interest. Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Anglim v. Missouri Pacific Railroad Co.*, 832 S.W.2d 298, 303 (Mo. banc 1992). If reasonable persons could differ about the propriety of the action taken by the trial court, then it cannot be said to be an abuse of discretion. *Id.*; *Crestwood Commons*, 882 S.W.2d at 321.

Defendant argues that the trial court could not reasonably deny it interest because *McDaniel* held that interest is meant to compensate a condemnee for the loss of its "right to receive and use the money ... while the condemnation proceeding is pending", 513 S.W.2d at 451–52, and it did not have the use of this money. We disagree that this definition of interest can be used to remove the trial court's discretion to award or not award interest.

In *McDaniel* the court rejected constitutional challenges to Section 523.045 based on the claim that the interest award in Section 523.045 was in fact liquidated damages not appearing in the title or was a grant of money to a private person. By describing the award of interest as compensation for the condemnee's loss of its right to receive and use the money during the pendency of the proceeding, the court did not create an absolute right in the landowner to receive and use the amount of the award upon the filing of the report when there has been no "taking" and the condemnor ultimately abandons the condemnation. Rather, it was describing the nature of interest allowed by the statute when the landowner has established a right to receive the award, which right can be premised on the constitution, a statute, or equitable considerations.

■ The constitutional requirements and the statutes relating to condemnation do not support defendant's claim that it has an unqualified right to receive and use the amount of the award, or, in lieu thereof, interest, while the proceedings are pending prior to abandonment. The Missouri Constitution, Article I, Section 26, provides that private property shall not be taken or damaged for public use without "just compensation" and that the landowner's property shall not be disturbed or his proprietary rights divested until that compensation is paid into court. In Missouri, the date of the taking is the date when the condemnor pays the commissioners' award into the registry of the court, or if it does not pay, the time of trial. *State ex rel.*

*Washington Univ. v. Gaertner*, 626 S.W.2d 373, 375 (Mo. banc 1982). On that date the condemnor obtains title and possession. Landowners are not entitled to payment until they are deprived of title to and possession of the property. *State ex rel. Behle v. Stussie*, 826 S.W.2d 71, 73 (Mo. App.1992).

■ Because a condemnor has a right to abandon, it is not required to take title to and possession of the land before obtaining a final adjudication of the landowner's damages. *State ex rel. State Highway Comm'n v. Paul*, 368 S.W.2d 419, 422 (Mo. banc 1963); *Washington Univ. Medical Ctr. Redev. Corp. v. See*, 654 S.W.2d 192, 194 (Mo.App.1983). The condemnor has two choices: it can deposit the money into the registry of the court and take immediate title to and possession of the property or it can elect not to deposit the money and defer acquiring the land pending final resolution of the award. *Stussie*, 826 S.W.2d at 73. The payment of money into court is "the price" of immediately divesting the owner of his proprietary rights. *Paul*, 368 S.W.2d at 424. The condemnor's legal obligation to deposit the amount of the commissioners' award into court is a condition precedent to taking possession of the land; it is independent of the statutory provisions for interest in Section 523.045. *Paul*, 368 S.W.2d at 424.

Section 523.045 has been in effect since 1959. It provides for the trial court to enter a judgment which includes an award of interest in various situations that arise in a condemnation action. Each sentence of the statute responds to a different concern relative to a court's power to award interest as part of the judgment in a condemnation action.

■ This case involves abandonment which is covered by the third sentence of the statute. When a condemnation is timely abandoned, the damage assessment is void. Rule 86.06. There is no taking and no constitutional right of just compen-

sation attaches. *Dietsch v. St. Louis County*, 415 S.W.2d 777, 781 (Mo.1967). Prior to the enactment of Section 523.045, condemnees had no right, under the constitution or by statute, to collect damages sustained by virtue of the pendency of the proceedings in abandoned condemnation actions. *Hamer v. State Highway Comm'n*, 304 S.W.2d 869, 873 (Mo.1957). Any damages were recoverable only in a tort action. *Id.* In particular, condemnees had no right to interest on damage awards in such actions and courts had no power to award such interest. *State ex rel. State Highway Comm'n v. Kendrick*, 383 S.W.2d 740, 747 (Mo.1964); *Center School District No. 58 of Jackson County v. Kenton*, 345 S.W.2d 120, 126 (Mo.1961). The court in *Hamer*, quoting from a treatise, stated that losses sustained by a landowner when a condemnation is abandoned are *damnum absque injuria*, for which no damages may be awarded in the absence of a statute. 304 S.W.2d at 873. Thereafter, in the third sentence of Section 523.045, the legislature gave courts the ability to award interest to a condemnee for the time the proceedings were pending prior to abandonment and substantively changed the law in this regard. *Kenton*, 345 S.W.2d at 127.

In this part of the statute, the legislature gave the court discretion to award interest from the time the report is filed to abandonment. Interest is not constitutionally mandated because there never was a taking of the property and the owner never lost possession. However, although the owner retains title and possession, the fact that possession can be terminated at any time may practically deprive the landowner of full use of the land. The landowner may have difficulty leasing or selling the property and may develop the property only under threat of losing any investment. *See Hamer*, 304 S.W.2d at 873; *Brunn v. Kansas City*, 216 Mo. 108, 115 S.W. 446,

450 (1909); *Martin v. City of St. Louis*, 139 Mo. 246, 41 S.W. 231, 234 (1897). On the other hand, where a landowner facing condemnation does not seek to sell, lease, or develop property during the pendency of condemnation proceedings, the owner has remained "in undisturbed possession of his property, the same as if such proceedings had never been commenced." *Kansas City v. Ward*, 134 Mo. 172, 35 S.W. 600, 603 (1896).

The third sentence of Section 523.045 recognizes the possibility of an invasion or appropriation of a valuable property right and gives the trial court the authority to look at the nature of that invasion on a case by case basis and, in its discretion, award interest if the landowner has been practically deprived of proprietary rights. Where the trial court finds such a practical deprivation, it may award interest, consistent with *McDaniel*, to compensate for that type of loss of the property under Section 523.045.[1]

The discretionary provisions relating to an award of interest upon abandonment rest on a different basis from the mandatory provisions relating to other interest awards in Section 523.045. For example, the award of interest in the first clause of the second sentence of the statute is constitutionally mandated because it awards interest for the delay in payment of full compensation caused by the fact that the condemnor obtained possession by paying less than the full amount of the award as finally adjudicated. Unlike the third sentence, this sentence did not create a new substantive right in condemnees. Instead, it declared the substantive law as it existed prior to enactment of Section 523.045, which was that condemnees had a right to receive interest from the time of taking. *Kendrick*, 383 S.W.2d at 747; *State ex rel. State Highway Comm'n v. Ellis*, 382 S.W.2d 225, 230 (Mo.App.1964). Interest

---

1. Prior to the enactment of Section 523.045, Missouri courts described the interest awardable in condemnation cases as "a substitute or means of measuring the value of the depri-

vation of the use of the property." *Arkansas–Missouri Power Co. v. Hamlin*, 288 S.W.2d 14, 17 (Mo.App.1956).

from the date of taking was and is considered part of the just compensation required by Article I, Section 26 of the Missouri Constitution. *St. Louis Hous. Auth. v. Magafas*, 324 S.W.2d 697, 699 (Mo.1959). However, prior to the enactment of this statute the Missouri Supreme Court had held that a specific statute was required to give the court the authority to add interest to the verdict for delayed payment of just compensation on the undeposited amount. *State ex rel. State Highway Comm'n v. Green*, 305 S.W.2d 688, 693–95 (Mo.1951). This clause of this sentence provides a procedure for the trial court to award interest by adding it to the verdict. *Kendrick*, 383 S.W.2d at 747; *Ellis*, 382 S.W.2d at 230–31.[2]

■ We last consider defendant's argument that the trial court improperly relied on its failure to prove "special" damages. In its order, the trial court recited the procedural history of the motion, which included defendant's declination of the court's offer to hold an evidentiary hearing on damages. The trial court's inclusion of this fact does not indicate that the trial court's ruling was improperly based on plaintiff's failure to prove any non-recoverable damages resulting from the condemnation award. Instead, the court was giving the landowner the opportunity to show any circumstances which would make a discretionary award of interest equitable because of any practical deprivation of ownership rights which may have occurred after the commissioners' report was filed. The landowner did not offer any such evidence.

Nothing in the record indicates any deprivation of ownership rights during the time period between the filing of the report and abandonment. The trial court did not abuse its discretion in denying interest.

2. For a discussion of the purpose and effect of the second clause of this sentence, which requires the condemnee to pay interest on ex-

The judgment of the trial court is affirmed.

PAUL J. SIMON, P.J. and
LAWRENCE E. MOONEY, J., concur.

cess awards, see, Dennis W. Smith, *Comment, Interest on Excess Condemnation Awards Paid into Court*, 29 Mo. L. Rev. 355 (1964).