**CRESTWOOD COMMONS REDEVELOPMENT CORPORATION,**
**Plaintiff/Appellant,**

v.

**66 DRIVE–IN, INC.,**
**Defendant/Respondent.**

**No. 64369.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 16, 1994.

Gerard T. Carmody, Sheila O. Hunsicker, Bryan Cave, St. Louis, for appellant.

Daniel T. Rabbitt, Matthew J. Sauter, Rabbitt, Pitzer & Snodgrass, P.C., St. Louis, for respondent.

PUDLOWSKI, Judge.

This is an appeal from a ruling of the trial court awarding interest pursuant to § 523.-045 RSMo 1986 in an abandoned condemnation proceeding. We affirm.

This litigation involves the condemnation of a tract of land located in the heart of Crestwood, Mo. The property was leased by 66 Drive-in Inc. (respondent) which operated a drive-in movie theater on the premises for approximately forty years. The lease was due to expire in the year 2010. The Crain family owned the property. On April 12, 1988, the Crestwood Board of Alderman enacted ordinances blighting the property and invited bidding for redevelopment. Two groups submitted plans for the redevelopment, Crestwood Commons Redevelopment Corp. (appellant) and Crestwood Festival Associates (Crestwood Festival). Appellant's plan was selected and awarded the right to develop the property.

Two months after appellant acquired the right to redevelop from the city, the Crain family sold the property to respondent for $3,500,000.00.[1] Shortly after the purchase, appellant and respondent entered into negotiations for the sale of the property. Appellant alleges the parties reached agreement on a contract but it was never signed. However, respondent did sign a sales contract with Crestwood Festival for $7,000,000.00 plus a ten percent retained interest. When appellant learned of the Crestwood Festival contract, it filed a petition in the circuit court seeking to acquire the property by eminent domain. The court, after hearing, denied the condemnation on October 18, 1989.

After the trial, appellant filed an appeal but continued to negotiate with respondent. They reached an agreement whereby appellant agreed to withdraw from the condemnation proceedings and allow Crestwood Festival to develop the property. However, Crestwood Festival had to withdraw its contract because it could not obtain financing for the project.

Appellant followed through with its appeal of the trial court's denial of condemnation and the trial court's judgment was reversed. *Crestwood Commons Redevelopment Inc. v. 66 Drive-in,* 812 S.W.2d 903 (Mo.App.E.D. 1991). The trial court was instructed to order the condemnation and appoint commis-

---

1. This figure is not necessarily reflective of the value of the property. It did not include the value of respondent's lease interest in the property. Presumably the value of the lease was deducted from the purchase price.

sioners to determine the value of the property. *Id.* at 912. The parties continued to negotiate a settlement but to no avail.

In December, 1991 the commissioners determined the value of the property to be $7,399,990.00. Appellant did not pay the amount of the commissioners' award into the court or to respondent nor did it file an election to abandon the condemnation action until July, 1993.

As a result of appellant's inaction, respondent filed a petition seeking interest of six percent of the condemnation award for the 206 days between the time of the commissioners' award and the time of notice of abandonment. The trial court awarded interest of $250,582.55.[2] The property has since sold for almost $8,000,000.00. This appeal followed.

The parties agree the sole issue in this controversy is whether the trial court abused its discretion in awarding interest to respondent pursuant to § 523.045 RSMo 1986. In reviewing discretionary rulings this court presumes the ruling is correct and the burden is on the party alleging abuse of discretion. *Anglim v. Missouri Pacific Railroad Co.*, 832 S.W.2d 298, 303 (Mo. banc 1992). Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.* If reasonable persons could differ about the propriety of the action taken by the trial court, then it cannot be said to be an abuse of discretion. *Id.* We find no abuse of discretion in this case.

Appellant first argues the evidence did not support the findings of the trial court and, therefore, the trial court abused its discretion in awarding interest. At the hearing, respondent argued damages relating to costs incurred during the 206 days between the commissioners' award and the abandonment. The trial court found respondent was entitled to interest because the condemnation pro-

ceeding hindered its ability to sell the property during the condemnation proceeding and respondent suffered financial loss. To address appellant's argument we turn to the statute at issue and the Missouri Supreme Court's interpretation of its purpose.

Section 523.045 RSMo 1986 vests the trial court with discretion to award interest in condemnation suits where the condemnor abandons the condemnation proceeding more than thirty days after the commissioners' award. The statute reads in relevant part:

> ... If, within 30 days after the filing of any such commissioners' report, the condemnor shall have neither paid the amount of the award to said persons or to the clerk for them nor filed its written election to abandon the appropriation, but shall thereafter timely file such written election to abandon, then the court may, upon motion filed by said persons within ten days after the filing of said election, assess against the condemnor six percent interest on the amount of the award from the date of the filing of the commissioners' report to the date of the filing of such election, enter judgment thereon and enforce payment thereof by execution or other appropriate proceeding.

The Missouri Supreme Court discussed the purpose of the interest award provided for in § 523.045 in *Missouri State Park Bd. v. McDaniel*, 513 S.W.2d 447, 451 (Mo.1974). The Supreme Court found the allowance for interest was compensation for the loss incurred when a condemnee does not have use of the money awarded by the commissioners while the condemnation proceeding is pending. *Id.* at 451. Once a commission determines the value of condemned property, the condemnor must decide on a course of action. It can abandon the condemnation, accept the commissioners' award or file an exception to the commissioners' report.[3] *Washington University Medical Center Redevelopment Corp. v. Otis E. See*, 654 S.W.2d 192, 194 (Mo.App.E.D.1983). If it files an exception, it must either pay the

---

2. This figure is six percent interest on the commissioners' award for 206 days.

3. If the condemnor or condemnee files an exception to the commissioners' report, the value of the property is determined by a jury or the court.

commissioners' award to the condemnee or the court, or be subject to interest charges in § 523.045. *Id.* In the case of an abandonment after exceptions have been filed but not adjudicated, the award of interest is within the discretion of the court. *McDaniel,* 513 S.W.2d at 451.

In this case the condemnor did not elect to abandon until 206 days after the commissioners' report was filed nor did the condemnor pay the award to the condemnee or the court. There is no dispute about these facts. Respondent did not have use of the $7,399,-990.00 award after the commissioners' report was issued. Its loss was the return it would have made on that sum. Therefore, the trial court's finding that respondent suffered financial loss was correct. Whether respondent did or did not suffer additional losses during the 206 days is not relevant to the interest award because, as stated above, § 523.045 covers a specific loss to the condemnee namely, the return it could have earned by making use of the award from the date of the report. Respondent suffered a loss because the award was not available for its use and that is the damage § 523.045 compensates. Respondent requested relief under § 523.045 and the trial court's finding of financial loss is supported by the evidence. The court's decision was in accordance with the statute. Appellant's contention is denied.

 Appellant next argues the trial court abused its discretion because respondent voluntarily involved itself in the condemnation proceeding by purchasing the property after the condemnation and then caused delays in the settlement of the suit. We disagree. First, respondent had a lease interest in the property before it acquired the fee. Respondent was not a disinterested party who entered the suit after the property was condemned. Additionally, there is nothing in the record that indicates respondent delayed the proceeding other than by refusing to accept appellant's offer that was well below other offers it had received, and over a million dollars below the price it ultimately received for the property. We cannot say its resistance to appellant's offer was an unreasonable attempt to delay.

 Appellant also argues respondent urged it to step aside and the abandonment was what they wanted and, therefore, the award of interest was improper. Again, we disagree. Respondent sought appellant's withdrawal from the condemnation action at one point but when the Crestwood Festival deal fell apart appellant continued to pursue the condemnation. Appellant could have withdrawn its appeal but it did not. Appellant also could have abandoned the condemnation after the commissioners' report was issued but it declined to do so. Appellant had ample opportunity to terminate the condemnation proceedings without being subject to interest charges. By opting not to deposit the award with the court, pay it to respondent or abandon within thirty days of the commissioners' report, appellant assumed the risk of a possible interest charge. The decision to award interest was proper and the judgment of the trial court is affirmed.

SIMON, P.J., and GRIMM, J., concur.