**CITY OF ST. CHARLES, Missouri, Respondent/Cross–Appellant,**

v.

**IMPERIAL CATERING COMPANY, INC., et al., Appellants/Cross-Respondents.**

Nos. 74522, 74529, 74644.

Missouri Court of Appeals, Eastern District, Division Two.

June 8, 1999.

Stanley J. Wallach, Jerome Wallach, Paul R. Ferber, The Brasher Law Firm, St. Louis, for appellant.

James W. Erwin, Thompson Coburn, St. Louis, Lyndel H. Porterfield, City Attorney, St. Charles, for respondents.

RICHARD B. TEITELMAN, Judge.

Imperial Catering Company, Inc., Three Flags Center Partnership and Peter Schwarz (collectively, "Property Owners") appeal from a judgment of the circuit court in a condemnation action filed by the City of St. Charles. The City cross-appeals.

The City sought to condemn approximately nine acres of land consisting of six separate parcels for a City Convention Center. The condemnation action was initially approved by the court, and commissioners were appointed to appraise damages. The Commissioners' Report assessed damages totaling $10.2 million for the entire property, which included a separate damages award of $1.4 million for Parcel 4. Parcel 4 was part of a driveway entrance which provided Property Owners the primary means of public access to their commercial property. Within thirty days of the filing of the Commissioners' Report, the City filed a dismissal without prejudice abandoning its condemnation proceeding as to all of the subject property *except for* Parcel 4, which the City asserted it now needed to condemn for road improvement purposes. Subsequently, 475 days after the Commissioners' Report had been filed, the City abandoned the condemnation proceeding as to that last remaining parcel as well. Thereafter, following an evidentiary hearing the circuit court entered a final judgment in the matter. The court held: (1) that Property Owners had suffered loss due to the abandoned condemnation proceeding, and accordingly were entitled to statutory interest at six percent on the commissioners' award of $1.4 million for Parcel 4 from the date of the Commissioners' Report to the date of final abandonment,[1] pursuant to Section 523.045;[2] and (2) that the City's earlier partial abandonment of the condemnation proceeding with respect to the other five parcels, which was done within thirty days of the filing of the Commissioners' Report, was timely and lawful pursuant to Rule 86.06 and Section 523.040, and that accordingly Property Owners were not entitled to interest on the commissioners' award of $8.8 million with respect to those five parcels.

On appeal, Property Owners contend the court erred as a matter of law in determining that the partial abandonment was proper. They claim that the court thus should have granted them interest under Section 523.045 on the commissioners' assessment of $10.2 million for all six parcels, the entire property. In its cross-appeal, the City argues that under the circumstances of this case Property Owners suffered no real harm at all from the condemnation proceeding. Therefore, the City claims, the court erred and abused its discretion by awarding Property Owners any interest under the statute, even as to parcel 4.

■ We have reviewed the briefs of the parties, the legal file and transcript. The court's judgment is supported by substantial evidence and is not against the weight of evidence. No error of law appears. Section 523.045 vests the trial court with discretion to award interest where the condemnor fails to pay the commissioners' award and then abandons the condemnation proceedings more than thirty days after the commissioners' award. *Crestwood Commons Redevelopment Corp. v. 66 Drive–In, Inc.,* 882 S.W.2d 319, 321 (Mo. App. E.D.1994). If reasonable persons can differ about the propriety of the trial court's decision to award interest, then it · cannot be said to be an abuse of discretion. *Id.* Under the circumstances of this case, the court did not abuse its discretion in determining that Property Owners were entitled to an award of interest pursuant to Section 523.045.

1. This resulted in a monetary judgment for Property Owners in the amount of $109,-314.50.

2. All statutory references are to RSMo 1994 unless otherwise noted.

Nor did the circuit court's judgment erroneously declare or misapply the law in holding that the City's partial abandonment was proper. Abandonment of condemnation proceedings is governed by Rule 86.06. *Washington University Medical Center Redevelopment Corp. v. See,* 654 S.W.2d 192, 193 (Mo.App.E.D.1983). The City's dismissal of its action without prejudice as to the five parcels which occurred within thirty days following the filing of the Commissioners' Report was tantamount to abandonment with respect to those five parcels, and is consistent with Rule 86.06's provision that proceedings for condemnation of the same property may not be instituted again within two years after such abandonment. The City's partial abandonment in this case thus complied with the requirements of Rule 86.06.

The judgment is affirmed.

JAMES R. DOWD, P.J. and LAWRENCE G. CRAHAN, J., concur.