STATE ex rel. BROADWAY–WASH-INGTON ASSOCIATES, LTD.,
Relator,

v.

The Honorable Michael W. MANNERS,
Respondent.

No. SC 87121.

Supreme Court of Missouri,
En Banc.

March 21, 2006.

---

**15.** *Hinnah,* 77 S.W.3d at 621.

**16.** *Id.*

W. Edward Reeves, Caruthersville, Rhonda E. Smiley, Kansas City, for Relator.

Steven E. Mauer, Jeremiah J. Morgan, Megan J. Redmon, Lucille R. Myles, Timothy P. Price, Kansas City, MO, for Respondent.

Frederick H. Riesmeyer, II, Kansas City, Eric J. Shane, New York, NY, for Amicus Curiae.

RICHARD B. TEITELMAN, Judge.

Relator Broadway–Washington Associates, Ltd. ("Broadway"), seeks a writ of prohibition barring respondent from taking any further action other than sustaining Broadway's motion to dismiss the underlying condemnation action. The Tax Increment Financing Commission of Kansas City filed a condemnation petition five years after the adoption of the ordinance approving the redevelopment project. The

circuit court entered an order of condemnation. Section 99.810.1(3), RSMo 2000,[1] requires that the subject property be "acquired" within five years of the adoption of the ordinance. Filing a condemnation petition does not result in the acquisition of private property. Therefore, the circuit court was without jurisdiction to enter an order of condemnation, and the preliminary writ of prohibition previously issued is made absolute.

## FACTS

The Real Property Tax Increment Allocation Redevelopment Act sections 99.800 to 99.865 authorizes municipalities to utilize eminent domain to take private property to facilitate redevelopment.[2] On September 2, 1999, the City of Kansas City passed an ordinance authorizing a redevelopment plan under the act that included land owned by Broadway. The ordinance became effective on September 12, 1999.

On September 13, 2004, the commission filed a condemnation petition seeking to acquire Broadway's property. Broadway filed a motion to dismiss, asserting that the trial court lacked subject matter jurisdiction because section 99.810.1(3) provides that the commission had to acquire the property within five years of the adoption of the ordinance. Broadway argued that filing a condemnation petition did not result in the acquisition of Broadway's property and the condemnation was untimely under section 99.810.1(3). The circuit court overruled Broadway's motion.

On July 13, 2005, the circuit court entered an order of condemnation. A hearing was held to determine the value of the property that was taken from Broadway. Broadway was awarded $3.23 million, and that amount was paid into the circuit court's registry on October 18, 2005. On November 1, 2005, this Court entered a preliminary writ of prohibition.

Broadway argues that the word "acquired" as used in section 99.810.1(3) means that title to the property must be transferred within five years of the adoption of the ordinance.[3] Conversely, the commission argues that the word "acquired" refers to filing a condemnation petition. The commission asserts that Broadway's position misconstrues the statutory language and would enable a landowner to employ delay tactics preventing the acquisition of property within the five-year timeline.

## ANALYSIS

### I. Prohibition

Prohibition is a discretionary writ that may be issued to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power. *State ex rel. York v. Daugherty*, 969 S.W.2d 223, 224 (Mo. banc 1998). A writ of prohibition may be issued if condemnation proceedings are unauthorized. *State ex rel. U.S. Steel v. Koehr*, 811 S.W.2d 385, 388 (Mo. banc 1991).

### II. Section 99.810.1(3)

Section 99.810.1(3) provides in pertinent part that "... no property for a

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2. Article I, section 28 of the Missouri Constitution provides that "... when an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be judicially determined without regard to any legislative declaration that such use is public." It is an open question as to whether the procedures in the act comply with this constitutional mandate.

3. Broadway raises four additional arguments in support of its writ petition. These arguments were not previously raised and will not be addressed by this Court.

redevelopment project shall be acquired by eminent domain later than five years from the adoption of the ordinance approving such redevelopment project. . . ." The meaning of the word "acquired" is the key to the resolution of this case, but it is not defined within the Act. Absent a statutory definition, the plain and ordinary meaning of the specific words used must be followed. *Ports Petroleum Co., Inc. of Ohio v. Nixon*, 37 S.W.3d 237, 240 (Mo. banc 2001). Courts may look outside the plain meaning of the statute only when the language is ambiguous or would lead to an illogical result. *Spradlin v. City of Fulton*, 982 S.W.2d 255, 258 (Mo. banc 1998).

■■■ The word "acquire" means "to come into possession, control, or power of disposal of . . ." (Merriam Webster Unabridged Dictionary, 3rd ed.). Under Missouri's law of eminent domain, simply filing a condemnation petition does not give the condemnor "possession or control" over the subject property. To the contrary, since 1875, article I, section 26 of the Missouri Constitution has mandated that until the damages awarded by the commissioners are "paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested." Thus, the date of the taking is the date upon which the condemnor pays the commissioner's award into court. *State ex rel. Missouri Highway Commission v. Starling Plaza Partnership*, 832 S.W.2d 518, 520 · (Mo. banc 1992). Until the commissioner's award is paid, the condemnor has no title to or right to possession and control of the subject property. It is only after the

award is paid that the condemnor has "acquired" the property. The General Assembly is presumed to legislate with knowledge of existing law. *Greenbriar Hills Country Club v. Director of Revenue*, 47 S.W.3d 346, 352 (Mo. banc 2001). Therefore, contrary to the commission's argument, the word "acquired" as used in section 99.810.1(3) does not refer to filing a condemnation petition. Instead, the word "acquired" refers to the transfer of ownership from the property owner to the condemnor upon the payment of the commissioner's award into the court or to the property owner. Holding otherwise would require this Court to ignore 130 years of Missouri eminent domain law on the plain meaning of the statutory term "acquired."[4]

### CONCLUSION

The ordinance approving the redevelopment plan became effective on September 12, 1999. The commission paid the damage award into the circuit court on October 18, 2005. Therefore, the commission did not acquire Broadway's property within five years of the adoption of the ordinance authorizing the redevelopment plan. The preliminary writ is made absolute.

WOLFF, C.J., PRICE, LIMBAUGH, RUSSELL and WHITE, JJ., and RICHTER, Sp.J., concur.

LAURA DENVIR STITH, J., not participating.

---

4. If the legislature had intended to require that a condemnation petition be filed within five years, it would have easily done so. Other statutes of limitation specifically provide that an action must be "commenced" within a certain time period. Section 516.100. Other statutes provides that an action "shall be brought" within a certain time period. Section 516.105. Instead of providing that a condemnation action must be "commenced" or "brought" within five years of the adoption of the ordinance approving the redevelopment plan, the legislature determined that subject property must be "acquired" within five years. This Court must give effect to the plain language of the section 99.810.1(3).