**ST. LOUIS COUNTY, MISSOURI, Plaintiff/Appellant,**

v.

**Robert C. WATSON, et al., Defendants,**

and

**John S. Garagnani, and Doris A. Garagnani, Defendants/Respondents.**

**No. ED 93472.**

Missouri Court of Appeals, Eastern District, Division One.

March 30, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 12, 2010.

Application for Transfer Denied June 29, 2010.

Paul J. Puricelli, Stone, Leyton &
Gershman, P.C., St. Louis, MO, for appellant.

Robert Denlow, Paul G. Henry, Denlow & Henry, St. Louis, MO, for respondents.

KATHIANNE KNAUP CRANE, Presiding Judge.

This appeal raises the question whether a trial court abuses its discretion by awarding a landowner interest under the last sentence of section 523.045 RSMo (2000) [1] on a damage award in an abandoned condemnation proceeding if the landowner does not introduce evidence that it suffered a deprivation of property rights beyond the loss of use of money while the proceedings were pending. Because a trial court has the discretion to award interest without such evidence, we affirm.

Plaintiff, St. Louis County, (the County) is a charter county and a political subdivision of the State of Missouri. On December 19, 2006, the County filed a petition in condemnation in the Circuit Court of St. Louis County to condemn a number of parcels of property as part of the North-Park tax increment financing project. In its petition, the County sought to condemn, *inter alia*, property owned by defendants, John S. Garagnani and Doris A. Garagnani (the landowners), which they were using for a towing and auto repair business. On May 3, 2007, the court-appointed commissioners filed a report in which they assessed the landowners' net damages at $840,000.00. The County and the landowners each filed exceptions to the commissioners' report and requested a trial setting. The County did not pay the damages assessed by the commissioners into the court and did not take title to or possession of the land while the proceedings were pending.

Over two years later, on July 7, 2009, the County filed its written election to abandon the condemnation proceedings. The landowners filed a motion for assessment of interest pursuant to section 523.045. They sought statutory interest in the amount of $109,222.88, which represented interest at the rate of six percent per annum on the commissioners' $840,000.00 award from the date of that award to the date the County elected to abandon the condemnation proceedings. After hearing argument, the trial court entered a judgment awarding interest to the landowners in the amount of $109,222.88. The County appeals.

■ For its sole point on appeal, the County asserts that the trial court erred in awarding interest to the landowners pursuant to the last sentence of section 523.045 because the landowners did not introduce any evidence that they suffered a deprivation of their property rights, by which it means a loss other than a loss of the right to receive and use the amount of the award. It contends that such a showing is a necessary precondition to the trial court's exercise of its discretion to award interest under section 523.045. We disagree.

This case involves the last sentence of section 523.045, which allows the trial court to award interest in condemnation lawsuits when the condemnor abandons the condemnation proceeding more than thirty days after the commissioners' award and the condemnor did not pay the award to the property owners or the court during the initial thirty days. That sentence provides:

If, within thirty days after the filing of any such commissioners' report, the condemnor shall have neither paid the amount of the award to said persons or to the clerk for them nor filed its written election to abandon the appropriation,

1. All further statutory references are to RSMo (2000) unless otherwise indicated.

but shall thereafter timely file such written election to abandon, then the court may, upon motion filed by said persons within ten days after the filing of said election, assess against the condemnor six percent interest on the amount of the award from the date of the filing of the commissioners' report to the date of the filing of such election, enter judgment thereon and enforce payment thereof by execution or other appropriate proceeding.

Section 523.045.

■ It is beyond dispute that this award of interest "is not a matter of right, but is discretionary with the trial court." *66, Inc. v. Crestwood Commons Redevelopment,* 998 S.W.2d 32, 40 (Mo. banc 1999) (*Crestwood Commons IV*). *See also 66, Inc. v. Crestwood Commons Redev. Corp.,* 130 S.W.3d 573, 586 (Mo.App.2003) (*Crestwood Commons V*); *City of St. Charles v. Imperial Catering,* 6 S.W.3d 151, 152 (Mo.App. 1999); *Cottleville v. American Topsoil, Inc.,* 998 S.W.2d 114, 119 (Mo.App.1999).

■ The statutory allowance of interest on the money a property owner is entitled to receive when the commissioners' report is made is not for damages suffered as a result of the pendency of the condemnation proceedings; rather, the statute provides for interest as compensation for the property owner's loss of the right to receive and use the money while the condemnation proceeding is pending. *Missouri State Park Bd. v. McDaniel,* 513 S.W.2d 447, 451–52 (Mo.1974). *See also Crestwood Commons IV,* 998 S.W.2d at 40; *Crestwood Commons v. 66 Drive-in, Inc.,* 882 S.W.2d 319, 321 (Mo.App.1994) (*Crestwood Commons II*). As explained in *McDaniel,* even though a property owner's land is not "taken" prior to abandonment, "that does not mean that an owner can lose nothing by litigation, especially prolonged litigation over the amount of his compensation." 513 S.W.2d at 450. It added: "Some loss seems certain where the condemnor does not pay into court the amount of the commissioners' award, which the landowner would have the right to take and use." *Id.* It continued: "Usually the longer the delay the greater the loss to the landowner." *Id. McDaniel* draws a clear distinction between an award of interest, which represents the loss of the right to receive and use the money, and damages, which represent other costs a property owner might suffer during the condemnation period. *Id.* at 450–52.

■ A trial court has the power to exercise its discretion to award interest under this section of the statute based on the loss of the right to receive and use the money; no other evidence of loss is required, and evidence of non-recoverable damages in the form of other costs or monetary damages the property owner may have incurred during the pendency of the proceedings is irrelevant. *Crestwood Commons II,* 882 S.W.2d at 322; *American Topsoil,* 998 S.W.2d at 119. In *Crestwood Commons II,* the trial court had conducted a hearing at which the property owner adduced evidence of the costs it incurred during the 206 days prior to abandonment. However, we affirmed the trial court's judgment awarding the property owner interest under the last sentence of section 523.045 on other grounds, and we specifically held that the evidence that the property owner suffered any loss, other than the loss of use of money, prior to abandonment was irrelevant. 882 S.W.2d at 322. We held that the trial court did not abuse its discretion in awarding interest because the property owner had lost the return it could have earned by making use of the award from the date of the report, which was what the interest award represented. *Id.*

In *American Topsoil*, the trial court had offered the property owner an evidentiary hearing on its motion for interest under the last sentence of section 523.045, which the property owner declined. The court subsequently denied the motion. On appeal, we held that the trial court had not abused its discretion in denying interest. 998 S.W.2d at 120. We implicitly recognized that it would be improper for the trial court to deny interest based on the property owner's failure to prove any non-recoverable damages resulting from the condemnation award. *Id.* However, we determined that the trial court's mention of the property owner's declination of its offer to hold an evidentiary hearing did not indicate that the trial court improperly based its decision on that failure. *Id.* Instead, the trial court was giving the property owner an opportunity to show any circumstances that would make a discretionary award of interest equitable because of any practical deprivation of property rights. *Id.*

The County argues that the phrase "practical deprivation of property rights," which appears in *American Topsoil*, 998 S.W.2d at 119, and in *Crestwood Commons V*, 130 S.W.3d at 586, requires a property owner to establish a loss of proprietary rights at an evidentiary hearing. The phrase "practical deprivation of proprietary rights" as used in those opinions does not refer to or require evidence of non-recoverable damages in the form of costs or monetary damages incurred during the pendency of the condemnation proceedings. In *American Topsoil*, we specifically emphasized that a property owner was not required to prove non-recoverable damages. 998 S.W.2d at 120. The phrase "practical deprivation of property rights" only refers to the underlying rationale for the statutory award of interest covering the period when the property has not been taken but is subject to condemnation, as

this concept is set out and explained in *McDaniel*, 513 S.W.2d at 450. The phrase does not expand or alter *McDaniel*.

■ In sum, the last sentence of section 523.045 consigns the award of interest to the broad discretion of the trial court. Because the loss of the right to receive and use the money is a sufficient basis for the court to award interest, a trial court can exercise its discretion to award interest under this part of the statute without an evidentiary hearing. Point one is denied.

*Conclusion*

The judgment in the landowners' favor is affirmed.

CLIFFORD H. AHRENS and NANNETTE A. BAKER, JJ., concur.