ST. LOUIS COUNTY, Missouri, Appellant,

v.

Richard F. BERCK, and All American Painting, L.L.C., Respondents.

No. ED 94471.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 12, 2010.

Paul J. Puricelli, Julie L. Brothers, Stone, Leyton & Gershman, St. Louis, MO, for Appellants.

Robert Denlow, Paul G. Henry, Denlow and Henry, St. Louis, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

### Introduction

St. Louis County (County) appeals from the trial court's Judgment awarding interest in the amount of $40,438.36 to Richard F. Berck and All American Painting's (hereafter collectively referred to as Berck). The award of interest was made pursuant to Section 523.045, RSMo 2000 [1] following County's termination of condemnation proceedings against Berck's property. County argues that the trial court erred in awarding Berck interest because, pursuant to Section 99.810.1(3) of the Real Property Tax Increment Allocation Redevelopment Act (TIF Act), the trial court lost jurisdiction to act when it did not acquire Berck's property within five years from the date County approved the redevelopment plan. County further argues that it did not abandon the condemnation action to trigger the application of Section 523.045, nor did Berck suffer a deprivation of property rights under Section 523.045. Because the trial court retained jurisdiction over the condemnation action after County filed its "Memorandum to Court Regarding Jurisdiction" requesting dismissal, and acted within its authority and discretion in awarding interest pursuant to Section 523.045, we affirm the trial court's judgment.

### Factual Background

On July 13, 2004, the St. Louis County Council (the County Council) passed Ordinance Nos. 21,949 and 21,950 approving a Tax Increment Financing redevelopment plan and project known as Northpark. County filed a Petition in Condemnation to condemn several parcels within the Northpark redevelopment, including property owned by Berck at 9330 Irvington Avenue (the Single Property). On May 3, 2007,

---

1. All subsequent statutory citations are to RSMo 2000, unless otherwise indicated.

the court-appointed commissioners entered an award for the Single Property for $250,000 to be paid by County to Berck as damages resulting from County's taking. Both County and Berck filed exceptions to the award. County did not pay the commissioners' award to either Berck or the clerk of the court.

On December 10, 2009, County filed with the trial court a "Memorandum to Court Regarding Jurisdiction." In its memorandum, County asserted that the trial court lost subject matter jurisdiction over the case on July 13, 2009, because Section 99.810.1(3) provides that "no property for a redevelopment project shall be acquired by eminent domain later than five years from the adoption of the ordinance approving such redevelopment project." County referenced another trial court's decision to dismiss a condemnation proceeding for lack of jurisdiction under similar circumstances [2] and "respectfully submit[ted] that the Court is without jurisdiction in this cause."

In response, Berck argued in its Memorandum in Opposition to [County's] Motion to Dismiss that the trial court lacked authority to dismiss the condemnation petition under the controlling condemnation statutes, and that County's motion to dismiss should be treated as an abandonment of the condemnation. Berck simultaneously filed a motion for assessment of interest, arguing that County's motion to dismiss "has the effect of electing an abandonment pursuant to Rule 86.06." Berck requested an award of interest at the rate of six percent per annum on the amount of the commissioners' award from the date of the filing of the commissioners' report up to the date of the abandonment. On January 12, 2010, the trial court entered judgment

sustaining Berck's Motion to Award Interest for abandonment. The trial court awarded $40,438.36 in interest, but then dismissed the case because "the Court has lost jurisdiction for any additional actions."

County filed its Notice of Appeal to contest the judgment awarding Berck interest on February 19, 2010. This appeal follows.

*Points on Appeal*

County raises two points on appeal. First, County argues that the trial court erred in awarding Berck interest because the trial court lost subject matter jurisdiction on July 19, 2009, pursuant to Section 99.810.1(3), when County did not acquire Berck's property within five years from the adoption of the ordinance approving the Northpark Redevelopment Plan. County argues the trial court was without jurisdiction to make a discretionary award of interest.

County presents three arguments in its second point on appeal. First, County alleges that the trial court erred in awarding Berck interest pursuant to Section 523.045 because County did not abandon the condemnation action, and therefore did not trigger the interest award provisions of Section 523.045. Concurrent with this argument, County argues Berck did not introduce any evidence of a deprivation of property rights, which is a necessary precondition to the trial court's exercise of its discretion to award interest. Finally, County also claims that the trial court did not enter a finding that Berck suffered a deprivation of property rights.

---

**2.** County referenced the separate Petition in Condemnation it filed seeking to condemn other property owned by Berck at 9400 Irvington Avenue and 5337 Glenco Avenue. This petition was heard by a different trial division, reached a different result, and is the subject of a separate appeal.

### Standard of Review

■ "[W]hen, as here, the facts of a case are uncontested and the resolution of the issue turns solely on the interpretation of pertinent statutes, 'a question as to the subject-matter jurisdiction of a court is purely a question of law, which is reviewed *de novo*.'" *George Weis Co. v. Stratum Design–Build, Inc.*, 227 S.W.3d 486, 489 (Mo. banc 2007), *quoting Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 22 (Mo. banc 2003).

### Discussion

The matter before us is a case of first impression involving the interpretation of two separate, yet related statutes involving the taking of private property by the government through statutorily authorized procedures. On appeal, County argues that because the condemnation at issue was initiated as an eminent domain proceeding under the TIF Act, the trial court lost subject matter jurisdiction to proceed on the merits of the condemnation action after the statutory time requirements for acquiring the property under the TIF Act expired. County contends the trial court should have dismissed the condemnation petition because it lacked jurisdiction to take any other action, and therefore, erred in awarding interest to Berck under Section 523.045. Berck counters that once the commissioners enter an award in a condemnation proceeding brought pursuant to Chapter 523, the action may be disposed only by a final judgment or a condemnor's election to abandon the proceedings, even when the condemnation occurs as an eminent domain proceeding brought pursuant to the TIF Act.

### A. Trial court did not lose subject matter jurisdiction over the condemnation action.

■ In reviewing whether the trial court lost jurisdiction of this action when the time requirements for the acquisition of the Single Property expired under Section 99.810.1(3), we are guided by the Missouri Supreme Court's pronouncement regarding subject matter jurisdiction in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009). As noted by the Supreme Court in *Webb*, Missouri courts recognize two types of jurisdiction: personal jurisdiction and subject matter jurisdiction, both of which are based on constitutional provisions. *Id.* at 252. Subject matter jurisdiction is governed by article V of the Missouri Constitution, and is a matter of "the court's authority to render a judgment in a particular category of case." *Id.* at 253. The Missouri Constitution grants "original jurisdiction over all cases and matters, civil and criminal" to the circuit courts. Mo. Const. art. V, sec. 14. Subject matter jurisdiction is derived from the law and cannot be conferred by consent. *State ex rel. Lambert v. Flynn*, 348 Mo. 525, 154 S.W.2d 52, 57 (1941). When a court lacks subject matter jurisdiction, any action it takes is null and void. *Hightower v. Myers*, 304 S.W.3d 727, 733 (Mo. banc 2010).

■ A condemnation action is a civil case over which a trial court has constitutionally vested subject matter jurisdiction. *See Webb*, 275 S.W.3d at 254. Accordingly, the trial court was properly vested with subject matter jurisdiction over County's petition for condemnation. County argued the trial court lost subject matter jurisdiction over the condemnation proceeding once County failed to acquire the property at issue within five years of the adoption of the ordinance approving the TIF redevelopment project as required under Section 99.810.1(3) of the TIF Act. The trial court disagreed with County's argument and awarded Berck interest under Section 523.045.

■ The trial court properly applied the law, and its award of interest to Berck was

not erroneous. County misconstrues a circuit court's lack of subject matter jurisdiction from the separate and distinct statutorily imposed limitations on a circuit court's authority to grant relief in a particular case. A circuit court's statutory authority to act differs from a circuit court's constitutionally granted subject matter and personal jurisdiction. *Hightower*, 304 S.W.3d at 733. Accordingly, while the language of Section 99.810.1(3) in the TIF Act may preclude the trial court from allowing County's acquisition of property by condemnation more than five years after the adoption of the ordinance approving the Northpark redevelopment, this statutory limitation does not deprive the trial court of its constitutionally vested subject matter jurisdiction over the condemnation action.

County cites the Supreme Court's ruling in *State ex rel. Broadway–Washington Assocs., Ltd. v. Manners*, 186 S.W.3d 272 (Mo. banc 2006), as support for its claim that the trial court lacked jurisdiction and was required to dismiss the condemnation action after five years had passed from the adoption of the Northpark redevelopment ordinance. Indeed, the facts in Broadway–Washington are analogous to those presented here, and the Supreme Court expressly held that the circuit court was without jurisdiction to enter an order of condemnation where the property at issue was not acquired within five years after the passage of the ordinance approving the redevelopment project. We understand County's desire to rely on *Broadway–Washington*, 186 S.W.3d at 272. However, we are no longer guided by *Broadway–Washington* in light of the Supreme Court's 2009 holding in *Webb*, 275 S.W.3d

at 252. *Broadway–Washington* was decided prior to the Webb Court's clarification of subject matter jurisdiction, and *Webb* emphatically distinguishes between a circuit court's statutory limitation to act as opposed to a lack of jurisdiction. 275 S.W.3d at 252–54. This distinction is critical to our analysis of the trial court's judgment. Following the dictates of *Webb*, this Court holds that Section 99.810.1(3) of the TIF Act does not strip a circuit court of its subject matter jurisdiction to act in a condemnation case. 275 S.W.3d at 254. Accordingly, the trial court did not err in exercising its statutory authority under the condemnation statutes.[3]

*B. TIF Act does not limit trial court's authority to act under the condemnation statutes.*

■ Having decided that the trial court was properly vested with subject matter jurisdiction over the condemnation action, we next determine whether the TIF Act limited the trial court's authority to award interest to Berck given the particular facts of this case. In particular, we consider whether Section 99.810.1(3) of the TIF Act, which precludes County's acquisition of the parcels at issue, mandates the immediate termination of the condemnation action, thereby precluding the trial court from taking any action other than dismissing the condemnation petition as County contends. Berck contends that, as a property owner, he is afforded certain protections under the condemnation statutes set forth in Chapter 523, and that the trial court properly awarded interest because the statutory provisions relating to the "abandonment" of a condemnation action govern

---

3. We note that trial court concluded in its judgment that it "lost jurisdiction for additional actions" after it made an award of interest to the property owner under Section 523.045. While the trial court did not have statutory authority to allow County to acquire the property due to Section 98.810.1(3), it retained subject matter jurisdiction over the condemnation petition. The trial court's suggestion that is lost jurisdiction is contrary to the express holding in *Webb*.

County's condemnation petition. Berck concedes that County lost the power to acquire title to Berck's property in July 2009, five years after the TIF redevelopment project ordinance was adopted, but asserts that County's loss of power to acquire title to his property does not divest the trial court of subject matter jurisdiction over the condemnation petition, or of its authority to award interest under the abandonment provisions of Chapter 523. We agree. The trial court properly treated County's "Memorandum to Court Regarding Jurisdiction" as abandonment, and appropriately afforded Berck the corresponding rights granted him as a property owner under Chapter 523.

 In determining the meaning of a statute, "the primary rule is to consider words in their plain and ordinary meaning." *StopAquila.org v. City of Peculiar*, 208 S.W.3d 895, 902 (Mo. banc 2006). "[I]t is appropriate to take into consideration statutes involving similar or related subject matter when such statutes shed light upon the meaning of the statute being construed." *Cook Tractor Co., Inc. v. Dir. of Rev.*, 187 S.W.3d 870, 873 (Mo. banc 2006). Even when a case involves statutes from separate chapters of the Revised Statutes, we consider statutes relating to the same subject matter *in pari materia*, meaning that we must "interpret and apply statutory provisions with reference to each other to determine legislative intent." *Allright Props., Inc. v. Tax Increment Fin. Comm'n*, 240 S.W.3d 777, 779 (Mo. App. W.D.2007). With this guidance, we look to the language of both the TIF Act and the condemnation statutes.

County's Memorandum to Court Regarding Jurisdiction was based exclusively on Section 99.810.1(3) of the TIF Act and County's interpretation of that provision. The TIF Act was enacted to foster urban renewal of blighted areas by permitting tax abatements to assist the financing of redevelopment of these areas. *Meramec Valley R–III Sch. Dist. v. City of Eureka*, 281 S.W.3d 827, 829 (Mo.App. E.D.2009). The TIF Act authorizes a city or municipality to utilize eminent domain to take property to facilitate redevelopment, and undertake a redevelopment project under certain conditions laid out in Section 99.810. *Id.* Section 99.810.1(3) provides that

no ordinance approving a redevelopment project shall be adopted later than ten years from the adoption of the ordinance approving the redevelopment plan under which such project is authorized and provided that no property for a redevelopment project shall be acquired by eminent domain later than five years from the adoption of the ordinance approving such redevelopment project.

 While Section 99.810.1(3) of the TIF Act focuses exclusively on the use of tax increment financing in redevelopment areas, Chapter 523 of the Revised Statutes of Missouri authorizes the use of condemnation proceedings for the appropriation of land within the state for any public purpose. The application of Chapter 523 is not limited to the use of eminent domain in TIF redevelopment areas and the TIF Act does not require the use of condemnation proceedings. Although the TIF Act and condemnation statutes share a common application in certain factual situations, each statute has an application, function and purpose separate from the other.

Section 523.040.1 specifically regulates condemnations, requiring the appointment of commissioners to assess the damages sustained by the owner of the property being taken. Section 523.040.1 further requires the commissioners to file with the court a report assessing such damages. While this statute provides for the transfer of the interest in the property upon the

condemning authority's payment of the commissioners' award of damages, the statute allows the condemning authority to avoid paying damages by abandoning the condemnation under certain circumstances.

Pertinent to this case, Section 523.045 authorizes the payment of interest on awards of damages owed by the condemnor to the owners of the condemned property. This provision states that if the condemnor has not paid the damages award, "nor timely filed its written election to abandon the proposed appropriation of said property or rights" within thirty days after the filing of the commissioners' report, "then interest on the amount of any subsequent verdict for said named persons, or if there be no such verdict, then on the amount of the award, at the rate of six percent per annum from the date of filing the report shall be added to said verdict or award and paid to said named person or to the clerk for them." Section 523.045. The statute further states:

> If, within thirty days after the filing of any such commissioners' report, the condemnor shall have neither paid the amount of the award to said persons or to the clerk for them nor filed its written elections to abandon the appropriation, but shall thereafter timely file such written election to abandon, then the court may, upon motion filed by said persons within ten days after the filing of said election, assess against the condemner six percent interest on the amount of the award from the date of the filing of the commissioners' report to the date of the filing of such election, enter judgment thereon and enforce payment thereof by execution or other appropriate proceeding.

Section 523.045.

Missouri Supreme Court Rule 86 mirrors the condemnation statutes outlined, *supra*, and guides condemning authorities on condemnation proceedings within the state. Rule 86.06 discusses the condemnation process, including the appointment of commissioners who assess the damages to property owners resulting from the condemnation. Rule 86.06 requires the commissioners to return to the clerk of the court a report setting the amount of net damages, as well as a description of the property for which the damages are assessed. The rule further states that the condemnor takes possession upon making payment, but,

> upon failure to pay the assessment aforesaid within ten days after it becomes final or, in the case of a municipality, within thirty days thereafter, the court may, upon motion and notice by the party entitled to such damages, enforce the payment of the same by execution, unless the condemner shall, within said ten or thirty day period, elect to abandon the proposed appropriation of any property, by an instrument in writing to that effect, to be filed with the clerk of such court and entered on the minutes of the court, and to so much as is thus abandoned the assessment of damages shall be void.

Rule 86.06. Furthermore, if such abandonment occurs, "proceedings for the condemnation of the same property shall not be instituted again within two years after such abandonment." Rule 86.06. As we have stated, "[a]lthough Rule 86 governs, its language closely tracks [Section] 523.040, so cases construing the statute are instructive in construing Rule 86." *State ex rel. Missouri Highway and Transp. Comm'n v. Turner*, 857 S.W.2d 293, 296 (Mo.App. W.D.1993).

 Having carefully reviewed all of the applicable statutes, we are not persuaded that the enactment of Section 99.810.1(3) of the TIF Act was intended to vitiate the statutory protections given to property owners under Chapter 523. As

recognized by the Supreme Court, the TIF Act makes no reference to the general eminent domain law, Chapter 523, et seq. *City of Arnold v. Homer Tourkakis, et al.,* 249 S.W.3d 202, 207 (Mo. banc 2008) (Teitelman dissenting). We agree with the dissenting judge's statement in *Tourkakis,* that "in passing the TIF act, the legislature assumed that cities seeking to exercise eminent domain as part of a redevelopment project would proceed under the eminent domain powers already granted by applicable eminent domain statutes." *Id.* (Teitelman dissenting).

Section 99.810.1(3) of the TIF Act authorizes the use of tax abatements to support the redevelopment of blighted areas. As such, condemnation and eminent domain are tools sometimes used to facilitate such redevelopment. *Meramec Valley R–III Sch. Dist.,* 281 S.W.3d at 829. However, redevelopment projects authorized under the TIF Act do not necessarily utilize condemnation. While Chapter 523 broadly addresses condemnation proceedings, the step-by-step procedures of condemnation are but one potential piece of the larger TIF project. But for the fact that the taking of the property at issue occurred within the context of the TIF Northpark project, we would summarily reject County's argument that it may seek a dismissal of its condemnation petition without complying with the statutory requirement for abandonment.

 We find no language in the TIF Act that allows or dictates any alternative process to abandonment of a condemnation action. Moreover, the language of Section 99.810.1(3) does not expressly preempt the application of condemnation statutes in TIF redevelopments, nor do we find any suggestion of preemption. The condemnation provisions outlined in Chapter 523 were enacted separate and apart from the TIF Act, and do not affect TIF redevelopments that do not utilize eminent domain.

We do not view the statutory limitation on a condemning authority's ability to acquire property in a TIF redevelopment as a limitation on the trial court's general authority granted under the provisions of Chapter 523. Having thoroughly reviewed the arguments and applicable law, we reject the argument that Section 99.810.1(3) is in conflict with the abandonment provisions of Chapter 523 or otherwise nullifies the rights and obligations provided by the legislature to property owners under Chapter 523. We hold that the condemnation procedures of Chapter 523 and its consistent Rule 86.06 control. The trial court properly applied the law when it applied the abandonment provisions of Chapter 523 to County's Memorandum to Court Regarding Jurisdiction.

## C. County abandoned its condemnation of the parcels at issue.

 Having found that the trial court properly applied the law by analyzing the parties' respective rights under the abandonment provisions of Chapter 523, we now consider whether the statutory prerequisites for abandonment have been met.

The Missouri Legislature devised a procedure for terminating condemnations, which it termed as "abandonment" in Chapter 523. County posits that even if the abandonment provisions under both Chapter 523 and Rule 86.06 apply, the trial court is without authority to award interest on the unpaid commissioners' award to Berck because County has not made an affirmative election to abandon the condemnation action. County argues that it never filed a written election to abandon the condemnation action that is required under both the statute and the rule before a condemnation petition may be considered abandoned by the condemning authority. Berck argues that once the commissioners determine and report the value of the con-

demned property, the condemnor's options are statutorily limited, and the condemnor must opt to abandon the condemnation, accept the commissioners' award of damages, or file an exception to the commissioners' report. If the condemnor files an exception to the report, the condemnor must either pay the commissioners' award of damages to the property owner or the court, or be subject to the potential assessment of interest charges under Section 523.045. *Crestwood Commons Redevelopment Corp. v. 66 Drive–In, Inc.*, 882 S.W.2d 319, 321–22 (Mo.App. E.D.1994).

The record before us shows that County elected to file exceptions to the commissioners' report, and that County further chose to not pay the commissioners' award of damages to either Berck or the court clerk. Having exercised its right to challenge the commissioners' award and pay nothing to the property owner, County now asserts a purported legal right to seek an outright dismissal of the condemnation proceedings while denying Berck his right to seek interest following abandonment under Chapter 523. We find no legal basis that would allow County or any condemning authority to escape from its potential liability for payment of interest under Section 523.045 given the facts as presented in the record, and find County's argument to be a mere game of semantics.

We acknowledge that County did not file any pleading styled or framed in terms of "abandonment." The Memorandum to Court Regarding Jurisdiction filed by County sought the dismissal of the condemnation action by operation of law because the property at issue had not been acquired within five years of the adoption of the redevelopment ordinance by the County Council. County's desired result was to walk away from the condemnation proceedings it initiated in 2006 without paying any money to the property owner. County argues that a request for dismissal

is not the equivalent to abandonment under the law, and the trial court was therefore precluded from considering Berck's rights following abandonment under Section 523.040.1 or Rule 86.06. We disagree.

■ The legal character of a pleading is determined by its subject matter and not its designation. *J.R. Watkins Co. v. Hubbard*, 343 S.W.2d 189, 195 (Mo.App. 1961). We find instructive our opinion in *City of St. Charles v. Imperial Catering Co. Inc.*, 6 S.W.3d 151, 153 (Mo.App. E.D. 1999). In *Imperial Catering Co.*, the city sought to condemn land assessed by the commissioners at $10.2 million. Within thirty days of the filing of the commissioners' report assessing such damages, the city filed a pleading framed as a dismissal without prejudice. In considering whether the circuit court erred in holding that the city's actions constituted a partial abandonment, this Court on appeal held that the city's dismissal was "tantamount to abandonment" and complied with the requirements of Rule 86.06. Accordingly, we held that proceedings for condemnation of the same property could not be instituted again within two years after such abandonment. *Id.* Here, County argues that our holding in *Imperial Catering Co.* is inapposite because the City of St. Charles agreed that its intent was to abandon the condemnation proceedings. County contends that it did not intend to "abandon" the condemnation action here, but merely asked the trial court to apply Section 99.810.1(3), the law under the TIF Act. We are not persuaded by County's argument.

County's actions reasonably can be viewed as a strategic move designed to circumvent "abandonment" by characterizing its pleading as a Memorandum to Court Regarding Jurisdiction. Regardless of how County titles its pleading or frames its argument, in the final analysis, County filed a pleading with the trial court before

which the condemnation action was pending and asked that court to release County from its obligation to proceed with the condemnation petition it filed in 2006 and from its obligation to pay the commissioners' award of $250,000. By filing its memorandum, County clearly elected to abandon the condemnation proceedings under Section 523.040.1. Just as we held that a city's dismissal of its eminent domain action was "tantamount to abandonment" in *Imperial Catering Co.*, we hold the same here. *Id.* We acknowledge that Section 523.040.1 requires the condemning authority to formally elect to abandon the condemnation of a property by an instrument in writing, and hold that a trial court may treat the condemning authority's attempt to dismiss its case as its election to abandon the condemnation petition. Because the substance of County's Memorandum to Court Regarding Jurisdiction is more important than its form, we hold that County "elected" to abandon the condemnation proceeding when it filed its memorandum regarding jurisdiction. Accordingly, the trial court properly treated the condemnation proceedings against Berck as abandonment.

*D. Trial court did not abuse its discretion in awarding interest under Section 523.045.*

■■■■■ Finally, in view of our finding that the trial court properly applied the law in treating County's "Memorandum Regarding Jurisdiction" as abandonment, we consider County's argument that the trial court abused its discretion in awarding Berck interest.

The award of interest following an abandonment of condemnation proceedings was recently addressed by this Court in *St. Louis County v. Watson*, 311 S.W.3d 886 (Mo.App. E.D.2010). In *Watson*, the trial court awarded interest on the commissioners' damage award under Section 523.045 after the condemnor abandoned its con-

demnation action. *Id.* The condemnor appealed, arguing that the trial court abused its discretion by awarding interest because the landowners had not introduced evidence that they suffered a deprivation of property rights. The condemnor argued that, as a prerequisite to an award of interest following abandonment, a property owner must prove damage to his or her property beyond the loss of the property owner's right to receive and use the amount of the commissioners' award. *Id.* at 887. We disagreed and held that a trial court may properly exercise its discretion and award interest under Section 523.045 without an evidentiary hearing. In *Watson*, we expressly held that the property owner's "loss of the right to receive and use the money is a sufficient basis for the court to award interest." *Id.* at 890.

As we explained in *Watson*, under Section 523.045, the allowance of interest on the money the landowner is entitled to receive when the commissioners' report is made is not damages suffered as a result of the pendency of the condemnation proceedings. *Id.* at 889, *citing Missouri State Park Bd. v. McDaniel*, 513 S.W.2d 447, 451–52 (Mo. banc 1974). "Instead it is a provision for interest as compensation for the loss of his right to receive and use the money, awarded by the commissioners as his damages, while the condemnation proceeding is pending." *McDaniel*, 513 S.W.2d at 451–52. This Court has described the award of interest under Section 523.045 as "the measure by which a landowner's damages are determined when a landowner, who has retained ownership and possession of the property, has nevertheless been deprived of full and free use thereof." *66, Inc. v. Crestwood Commons Redevelopment Corp.*, 130 S.W.3d 573, 586 (Mo.App. E.D.2003).

■■■■■ Section 523.045 "recognizes the possibility that a valuable property right

may have been invaded or appropriated by the pending condemnation' and gives the trial court the authority to look at the nature of that invasion on a case by case basis, and, in its discretion, award interest if the landowner has been practically deprived of proprietary rights.'" *66, Inc.*, 130 S.W.3d at 586, *quoting Cottleville v. American Topsoil, Inc.*, 998 S.W.2d 114, 119 (Mo.App.1999). We have recognized that proof of property deprivation may include the difficulty of leasing or selling property and the threat of loss of any investment made to further develop the property. *Id.* However, as we emphasized more recently in *Watson*, the "practical deprivation of property rights" only refers to the underlying rationale for the statutory award of interest covering the period when the property has not been taken but is subject to condemnation. 311 S.W.3d at 890. "Because the loss of the right to receive and use the money is a sufficient basis for the court to award interest, a trial court can exercise its discretion to award interest under [the last sentence of Section 523.045] without an evidentiary hearing." *Id.*

We decline County's invitation to depart from our recent holding in *Watson*, 311 S.W.3d at 890. When the condemnor abandons condemnation proceedings, the property owner is afforded two substantive rights. First, the condemnor may not refile its condemnation action against the same property for a period of two years. Rule 86.06. Second, the property owner gains the right to request an award of interest at the rate of six percent on the amount of the commissioners' award. Section 523.045. When the trial court has found a practical deprivation of proprietary rights, it may award interest under Section 523.045 to compensate the landowner for its "loss of ability to deal with its property freely." *66, Inc.*, 130 S.W.3d at 586.

When applying our holding in *Watson* to the facts of this case, we conclude that the record supports a finding that Berck has been "practically deprived of proprietary rights" during the pendency of the condemnation proceedings. A commissioners' award of $250,000 was entered in 2007. County chose not to pay the commissioners' award, and the award has remained unpaid during the entirety of the condemnation proceedings. As a result of its judgment awarding Berck interest under Section 523.045, the trial court addressed this issue and Berck's corresponding rights. We hold that the trial court did not abuse its discretion in awarding Berck interest of six percent on the commissioners' award. County's appeal is denied.

*Conclusion*

The judgment of the trial court is affirmed.

ROBERT G. DOWD, JR. and NANNETTE A. BAKER, JJ., Concur.